[Civ. No. 7989.  First Appellate District, Division Two.—October 15, 1931.]

C. C. TRIPLETT, Appellant, v. J. B. TRIPLETT et al., Executors, etc., Respondents.

Arthur E. Keepsel and Fred F. White for Appellant.

A. P. Michael Narlian, Joseph N. Beardslee and Evans, Pierce & Campbell for Respondents.

SPENCE, J.—Plaintiff brought this action against J. B. Triplett, since deceased, seeking an accounting. After the death of J. B. Triplett, his executors were substituted as defendants. From a judgment in favor of said defendants, plaintiff appeals.

The complaint was drawn upon the theory that plaintiff and said J. B. Triplett had formed a partnership on September 10, 1925, for the purpose of the manufacture and sale of certain patented tools and that said partnership had continued down to the time of the filing of the complaint on August 27, 1926. It was alleged on information and belief that said J. B. Triplett had started the manufacture and sale of said tools. The answer alleged that the partnership had been dissolved on October 12, 1925, and denied that any business had been carried on by said partnership at any time. It was further alleged by way of defense that said J. B. Triplett was induced to enter into the partnership agreement by the promise of plaintiff to contribute $30,000 for the purpose of erecting a factory and that there was a failure of consideration as plaintiff had failed to supply said sum or build said factory.

Upon the trial it appeared that prior to September 10, 1925, said J. B. Triplett had applied for certain patents on tools designed for use in the oil industry. About one month after the parties had entered into their partnership agreement, said J. B. Triplett, on October 12, 1925, notified plaintiff by letter as follows: "This is to notify you that the agreement of copartnership entered into by you and J. B. Triplett on Sept. 12, 1925, is hereby terminated." During the period between the above-mentioned dates no tools had been manufactured or sold. The controversy in the trial court centered largely around the question of whether certain tools known as under-reamers, which were manufactured and sold by said J. B. Triplett subsequent to October 12, 1925, were included in the tools contemplated by the partnership agreement. Plaintiff contended that they

were but the court found against the plaintiff's contention on this issue. It further found that the partnership terminated on October 12, 1925, had existed in name only, and had transacted no business at any time. The court thereupon concluded that there was nothing on which an accounting could be had and rendered judgment for defendants.

Appellant contends that the findings are not supported by the evidence; that the court failed to find on material issues raised by the pleadings; and that the "facts are not sufficient to justify the decision". In our opinion these contentions are without merit and we deem it unnecessary to discuss each of these contentions separately. It does not appear that appellant had contributed anything to the partnership assets and if the partnership was dissolved without transacting any business appellant is not entitled to an accounting. ▉ The evidence showed that the partnership had been terminated on October 12, 1925, by the expressed will of said J. B. Triplett. It is immaterial whether said J. B. Triplett had the right to dissolve the partnership under the agreement providing that the partnership should continue "until both agree to disagree", for even if such right did not exist, section 2451 of the Civil Code as it read at that time gave a partner the power to effect a dissolution subject only to liability to his copartner for any damage suffered. The complaint did not seek damages for any alleged breach of the partnership agreement based upon any alleged wrongful termination of the partnership but asked for an accounting of money received on the theory that the partnership was still existing and had transacted business. The only reference in the testimony to any business transacted, related to an attempted sale of the "cathead" to the Union Tool Company but it did not appear that such sale had ever been consummated or that anything of value was received. ▉ In fact appellant testified that they had only the model and had manufactured none for sale or distribution. In his deposition he conceded that they "never manufactured anything together". We therefore conclude that the evidence supports the findings relating to the dissolution of the partnership on October 12, 1925, and the findings to the effect that the partnership transacted no business during its existence. These findings support the judgment denying an accounting and we deem it

unnecessary to discuss appellant's further contentions relating to the sufficiency of the evidence to support the remaining findings and relating to the failure of the trial court to find upon the issue of failure of consideration. If, as contended by appellant, said J. B. Triplett breached the partnership agreement by dissolving the partnership before it had transacted any business, appellant's remedy, if any, was by way of an action for damages for such breach. Appellant made no attempt to plead or prove such cause of action.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.